## IN THE UNITED STATES DISTRICT COURT FOR MARYLAND

### SOUTHERN DISTRICT, GREENBELT

**JEFFRIES, MONICA**

    **PLAINTIFF**

**VS**
                               **CIVIL ACTION:**

**WALMART STORES EAST LLC**

    **DEFENDANTS**



FILED _____ ENTERED

_____ LOGGED _____ RECEIVED

AUG 3 0 2017

AT GREENBELT

CLERK U.S. DISTRICT COURT

DEPUTY

## MOTION TO OPEN CASE

Comes now the plaintiff Jeffries pro se into this Honorable Court requesting a hearing on the merits of this case against Walmart et al; for numerous violations of the ADA Act and it's Amendments. Namely violation of the *'required interactive process',* which Walmart has never engaged in and the courts have overlooked this fact. In furtherance, clearly the plaintiff is not a stranger to the 'law' nor intimidated by the antics of the attorneys, in this matter.   Defendants terminated plaintiffs employment for absolutely no reason and never gave plaintiff a reason for the wrongful termination. Plaintiff filed a grievance with the Human Relations Commission of Maryland and was given her 'Right to Sue letter', therefore all Administrative remedies have now been addressed and the matter is ripe for this Honorable Court to hear. Instead of defendants 'entering into the required by law interactive process', to find out if plaintiff needed any ADA accommodation, defendants instead wrongfully terminated plaintiffs job. Defendants should be so steadfast in complying with the Law, and not continue to 'try and take advantage of the lil guy' cancer or not. It is truly a 'very sad day in America'

when big corporations    like Walmart can just fire an employee for no reason, and not
even enter into the 'REQUIRED INTERACTIVE PROCESS' as the process of
'employee and employer interaction is suppose to be achieved to see 'what if any
accommodations' are needed. Plaintiff although she is by far 'cannot and does not'
verbalize or even attest in the same manner as an attorney. It is evident that Plaintiff has
had some undesirable effects dealing with the 'Backlash' and 'Unwarranted' terminations
of plaintiffs employment, while her cancer was active as well as periods when it was in
remission. As working is an 'essential major life function' to say the least.    The major
life activity of 'working' has been historically one of the more difficult major life
activities to identify.

Although working was not mentioned as a major life activity in the ADA as
originally enacted, the ADAAA now '**specifically**' includes 'working in its
non-exhaustive list of major life activities. Walmart should train it's managers and staff in
the ins and outs of the ADA; always engage in an interactive process re seeking
reasonable accommodation for employees with disabilities; and should not rely upon
stereotypical assumptions about people with disabilities. 'Disability does not mean
inability. Individuals are successful in the workplace when given support, reasonable
accommodation, and most importantly, when given the chance. Plaintiff was not given
any of the above. 'So long as accommodations do not pose an undue hardship, employers
must work with workers to ensure that effective accommodations are in place so that they
may be fully successful in the workplace'. Plaintiff has remained positive and an
*'Advocate '* for herself. The horrible backlash and unwarranted termination is 'inclusive'
of Walmart's termination of plaintiffs position for no reason. Walmart has an ongoing

history of wrongful terminations throughout these United States inclusive of 'wrongful termination' of employees suffering from cancer, and 'chemo-brain' a debilitating side effect of chemotherapy. Plaintiffs new Complaint; although not as strategically crafted as an 'attorney' clearly embraces the essence of both her disability discrimination claim for failure to accommodate, and plaintiffs retaliation claim, both under the Americans With Disabilities Act, 42 U.S.C. §§ 12112 *et seq.* both relating to Walmart's 'wrongful and illegal termination of her employment, insurance benefits, working, taking care of herself'. Complying with the ADA in hiring and in the workplace means not only 'treating people equally despite whatever physical challenges they may face' but also not making assumptions or buying into biases or stereotypes about an employees abilities based on a disability. Walmart clearly had enough facts about the plaintiffs condition to infer an 'implicit' request for an accommodation and a need to engage in the *'required interactive* process'. Treating and wrongfully terminating someone adversely or differently based upon a 'perception of disability' violates the ADA as much as discriminating based upon the disability itself. Plaintiff has suffered financially because defendants misjudged her condition and her ability to work.Such conduct is not only cruel and insensitive it's illegal! Plaintiff has consistently tried to convey to defendants, of which this court can be assured defendants clearly understand, and simply could care less weather plaintiff was treating for cancer, 'chemo-brain' as well as her work related injury, and instead terminated plaintiff for no reason rather then 'extend leave, or even enter into the interactive process to see if any accommodations were needed and to what extent, and choose instead to 'wrongfully, willfully, and with reckless disregard' terminated plaintiff.

**1. Weather plaintiff was discharged in 2013, or 2014, Walmart did so 'wrongfully,**

3

willfully, with reckless disregard' in spite of plaintiffs cancer or work related injury in violation of the ADA and ADAAAA respectively.

    3. Walmart cites pages for reference 'plaintiff does not profess to be an attorney', Defendants have taken relevant information from plaintiffs prior documents, defendants simply has taken a ' hodgepodge of plaintiffs very relevant information in an attempt to use them against plaintiff and stylize them here as their own, not very cleaver in plaintiffs opinion.

    4. Plaintiff is by far 'a familiar litigant to this Court', as she was previously discriminated and wrongfully discharged, when the prior matter was in litigation the ADAAA was not fully enacted at that time, however, plaintiff remained consistent in learning the ADAAA law as 'plaintiff clearly knew' her rights had been violated on more than one occasion; plaintiff became her own Advocate to say the least. The previous claims were successful, in allowing me the opportunity to move on with my life, and try to correct the wrong, and help others in the same predicament, as 'employers have gotten away with this dastardly deed, far to long at the expense of 'cancer patients'. Exactly what Defendants are trying to do here, therefore defendants demands should not be allowed, in fact defendants should be reprimanded for it's unscrupulous actions and inaction's, as not to cause harm to another employee.....

As explained throughout the Plaintiffs Complaint, employers have a duty to engage

in the interactive process. Once an accommodation has been requested or the need for an

accommodation is obvious, the employer should initiate an interactive process with the

individual. Courts generally have held that the interactive process requires employers to:

* analyze job functions to establish the essential and nonessential job tasks,

* identify the barriers to job performance by consulting with the employee to learn

the employees precise limitations and

* explore the types of accommodations that would be most effective.

The ADAAA does not provide any further guidance, however, as to the proof

required to show that an impairment substantially limits ones ability to work. EEOC

regulations and instructions enacted before the ADAAA state that its investigators

initially should determine whether an impairment substantially limits a major life activity

other than working. It instructs investigators to consider the activity of working only if

4

willfully, with reckless disregard' in spite of plaintiffs cancer or work related injury in violation
of the ADA and ADAAAA respectively.

3. Walmart cites pages for reference 'plaintiff does not profess to be an attorney',
Defendants have taken relevant information from plaintiffs prior documents, defendants simply
has taken a ' hodgepodge of plaintiffs very relevant information in an attempt to use them
against plaintiff and stylize them here as their own, not very cleaver in plaintiffs opinion.

4. Plaintiff is by far 'a familiar litigant to this Court', as she was previously discriminated
and wrongfully discharged, when the prior matter was in litigation the ADAAA was not fully
enacted at that time, however, plaintiff remained consistent in learning the ADAAA law as
'plaintiff clearly knew' her rights had been violated on more than one occasion; plaintiff became
her own Advocate to say the least. The previous claims were successful, in allowing me the
opportunity to move on with my life, and try to correct the wrong, and help others in the same
predicament, as 'employers have gotten away with this dastardly deed, far to long at the expense
of 'cancer patients'. Exactly what Defendants are trying to do here, therefore defendants
demands should not be allowed, in fact defendants should be reprimanded for it's unscrupulous
actions and inaction's, as not to cause harm to another employee.....

As explained throughout the Plaintiffs Complaint, employers have a duty to engage

in the interactive process. Once an accommodation has been requested or the need for an

accommodation is obvious, the employer should initiate an interactive process with the

individual. Courts generally have held that the interactive process requires employers to:

* analyze job functions to establish the essential and nonessential job tasks,

* identify the barriers to job performance by consulting with the employee to learn

the employees precise limitations and

* explore the types of accommodations that would be most effective.


The ADAAA does not provide any further guidance, however, as to the proof

required to show that an impairment substantially limits ones ability to work. EEOC

regulations and instructions enacted before the ADAAA state that its investigators

initially should determine whether an impairment substantially limits a major life activity

other than working. It instructs investigators to consider the activity of working only if

the impairment does not significantly limit any other major life activity. Walmart at ALL relevant times 'had written notice' (see enclosures)plaintiff had a qualifying disability. This court should also deny defendants any relief whatsoever, as defendants failed miserably in the interactive process a 'required procedure' pursuant to the ADAAA. Plaintiffs health is extremely frail when the cancer is not in remission or episodic, causing plaintiff to need to remain in seclusion, at home sometimes days (4) at a time, while the chemotherapy is working through the blood stream. Plaintiff has always given notice of those relevant chemotherapy sessions to Walmart on more than 6 occasions. Defendants mere denials cannot survive because; Walmart has always known plaintiff had a qualifying disability 'cancer' and its treatments, defendants mere denial is not sufficient to survive. Defendants have again, made 'much ado bout nothing' the plaintiffs issue with Workers Compensation and Unemployment has no place in this complaint, and were only mentioned to show Walmart's behavior was absolutely and finally done 'in retaliation' especially since plaintiffs work history with Walmart was pristine; with reckless disregard and willfully, defendants terminated plaintiffs employment without entering the required *'interactive process'* and terminated plaintiffs employment in direct timeliness and in accord with the decision to award plaintiff both. Defendants continue to harbor on a 'stale set of events' (Workers Compensation & Unemployment), as each of these entities are separate and apart from this matter, as plaintiff has dealt with each entity accordingly. In furtherance, defendants further retaliated against plaintiff by 'terminating her for no reason' except in retaliation for her exposing Defendants violations of the ADA and ADAAA, not until plaintiff reported defendants and shortly thereafter, defendants terminated Plaintiffs 'only means of financial support'. Section 704(a)of Title VII,

5

Section 207(f) of GINA Section 4(d) of the ADA and Section 503(a) of the ADA provide

that it is an unlawful employment practice for an employer to discriminate against present

or former employees or job applicants, or any employment agency to discriminate against

any individual, or far a union to discriminate against its members or applicants for

membership, because they have opposed any practice made an unlawful employment

practice by the statutes, or because they have made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing under the statutes.

Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, treats, or

interference with anyone because they have exercised or enjoyed, or aided or encourage

others in their exercise or enjoyment, of rights under the act.


## STATEMENT OF FACTS

Rule 12 (b)(6) of the Federal Rules of Civil Procedure provides that a party may

file a motion to dismiss claims if the plaintiffs complaint fails to state a claim upon which

relief can be granted.    Plaintiff has not made any 'naked assertions' 'specialization, or

legal conclusions whatsoever. In fact plaintiffs complaint clearly identifies that 'she was

terminated wrongfully' as defendants 'refused on more than two occasions to allow

plaintiff to return to work, although Walmart had notice from plaintiffs physician that she

could return to work. Nor did Defendants enter the 'interactive process' to see what if any

accommodations plaintiff needed. In fact, Walmart never spoke with plaintiff at all.

Plaintiff sent via of telecommunications, in person, and telephone to Walmart her

progress each month, which she did voluntarily as she was ready willing and able to

return to work. Plaintiff also made known at the various meetings pursuant to Workers

6

Compensation and Unemployment Hearings, what her work status was doing those times and provided Walmart with relevant documentation to show her job readiness status, to no avail Walmart **AGAIN** refused to *'extend any leave, provide any accommodation, refused to enter the interactive process'* and finally terminated plaintiff for 'no reason' except in retaliation. Hereto Walmart remains a 'thorn in plaintiffs side' this Honorable Court should deny defendants any relief what-so ever, and sanction them to further deter defendants from ever violating the ADA and it's Amendments causing further havoc upon a 'cancer patients' life. Having to fight the cancer itself is more than enough to say the least. Therefore based on all of the above this court should Deny defendants any relief.

## ARGUMENT

### 1. Defendants cannot not make an accurate rebuttal pursuant to their burden of proof, and have continued to saddle this Honorable Court with yet burdensome, none relevant motions, for no other reason than to further burden this courts calendar and continue to cause havoc unto the Plaintiff. Plaintiff has consistently raised all relevant issues to this forum.

Defendants will continually come into this court once again telling 'half truths, being deceitful, and simply expecting to just deny everything, and be acceptable unto this honorable court. First, Plaintiff upon her initial hiring date, revealed voluntarily that she was treating for 'cancer' a covered disability under the ADAAA and need to be off certain days to obtain treatment, as a condition of her employment. Plaintiff agreed to work a 40 hour work week in 4 days, giving her the needed time off to recuperate from chemotherapy; as most of the managers were required to work 4 days on working 10 hour days. Secondly, defendants have continued to 'lie' about not having notice about plaintiff.

## 2. JEFFRIES HAS RAISED SIGNIGFICENT FACTS TO SUBSTANTIATE HER CLAIMS OF UNLAWFUL DISCRIMINATION DEFENDANTS DON'T

7

## HAVE A CLUE ABOUT THE ADA AND IT'S AMENDMENTS;THE INTERACTIVE PROCESS IS A LEGALLY BINDING AND A NESSECARRY PROCESS IN DETERMINING NEEDS OF AN ADA ACCOMMODATION

Plaintiff in addition to the 'cancer' treatments, Walmart was given monthly updates about the work related injury and it's treatment, as such since additional treatment to the work related injury, was compromised due to the 'cancer' treatments, in other words, additional treatment was 'delayed' until chemotherapy was concluded. Third, Walmart was clearly 'informed of plaintiffs disability several times, and the need for additional time off, yet Walmart continued to refuse any extensions of time, nor job replacement, nor ADA accommodations, and instead 'willfully, wrongfully, with reckless disregard terminated plaintiffs employment, the only means of support plaintiff had.

*Finally, 42 U.S. Code § 12102(2)(A): In general, for the purposes of paragraph (1), major life activities inclusive, but are not limited to, caring for oneself, performing manual tasks, seeking, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.*

*(B) Major bodily functions: For the purposes of paragraph (1) a major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiration, circulatory, endocrine, and reproductive functions.*

It doesn't take a 'rocket scientist but rather 'common sense' to understand and readily see any one of the above issues, within a normal human being, would be severely adversely affected by the above illness, a person affected by cancer and it's treatments would be extremely affected by any one of these, which could plague them and cause a travesty to say the least, some could even lead to death.

### Ill. Defendants have continued to pretend to 'be blind to the essential crux of the matter' terminating plaintiff wrongfully, preventing her from 'working' a 'major life

8

**activity' and not enter into the interactive process, and refusing to accommodating
the plaintiff by any means necessary. This Honorable Court court should not
entertain defendants unfathomable assertions; it is crystal clear defendants 'DID
NOT ENTER INTO THE REQUIRED INTERACTIVE PROCESS' but instead
terminated plaintiff for no reason.**

As previously provided on now three separate occasions, plaintiff has sufficiently

and consistently proven beyond a shadow of a doubt that she has a covered disability

'breast cancer'; defendants although they were put on notice from the inception of the

hiring process refused to extend any leave to plaintiff, and finally wrongfully terminated

plaintiff, without entering the required interactive process; preventing her from further

'working' and taking care of herself, a 'major life activity'. Plaintiffs cancer and it's

treatment frequently caused plaintiff 'chemo-brain, limitation in range of motion, due to

mastectomy, frequently caused dramatic weight loss, frequently caused swelling and a

very weakened immune system issues. Walmart although frequently notified and clearly

was aware of plaintiffs condition, nevertheless 'wrongfully terminated' plaintiff for

absolutely no reason. Although Walmart continued to try to deny plaintiff from obtaining

benefits from other sources, Walmart was repeatably ordered to pay plaintiff benefits she

was entitled to, only after Walmart various denials and in retaliation for plaintiffs rebuttal,

defendants decided to terminate plaintiff, willfully, wrongfully and with malice and

reckless disregard to the plaintiff. Defendants have continued to reiterate time and again,

the very same issues Plaintiff has made very clear throughout her responses to the

'ongoing barrage' of merit-less motions filed on defendants behalf. This court is now well

versed in what plaintiffs condition was and continues to be, plaintiff will not saddle this

court any further with mere 'repetition' of a 'well known cancer issue' and 'side effects of

chemotherapy'. Walmart again, pretends to be in an oblivion as to the 'working issue' a

major life activity. Walmart should not be allowed to further burden this Honorable Court nor the plaintiff with continued 'so called assertions', Walmart's continued denials has now run it's course, and should not be allowed to survive dismissal. Plaintiff has been denied due process due to defendants 'careless and reckless actions' the ability to live, or even the ability to attempt to live a normal life. Walmart's action has continued to cause plaintiff to fall deeper and deeper into modes of depression, will to live, provide for herself, while working became a burden at times, plaintiff was good at her job, and enjoyed it immensely, and utilized each and every task to make her and her person stronger. Working motivated plaintiff, whereas it could have continuously had a profound negative impact, yet hopefulness and a positive future orientation were important components for Plaintiffs quality of life and cancer survivor ship. Hereto, plaintiff although challenged by the 'Law Itself' has continued to remain positive, as the truth will eventually set her free, no longer will she have to fight and be plagued with fighting for her life with the defendants, but also the fight with cancer, will one day be over.

**A. Defendants have continually been given Notice of Plaintiffs Disability and Protected Activity Several Times, and through Several means of Communications. Plaintiff has hereto stated that and proven that had defendants entered into the 'REQUIRED INTERACTIVE PROCESS' they would have known of plaintiffs need for an accommodation, defendants could care less about plaintiffs accommodation needs, instead defendants terminated plaintiff for absolutely no reason.**

Plaintiff has continuously, adequately, and clearly plead her case, 'working' is a

major life activity, an activity Walmart took away from Plaintiff, willfully, wrongfully, and with reckless disregard to plaintiffs ongoing life and well being, Walmart did so without ever entering into the 'required interactive process' to say the least. Walmart continued to refute plaintiffs claims for compensation, continuously causing havoc upon plaintiffs life. Defendants have plagued plaintiffs life for over three long and grueling years, wherein she has had to fight the cancer to live, and fight the defendants to try to live, through any means necessary. Now the defendants come into this court once again , 'faking, pretending and further denying Walmart was ever put on notice, which simply and clearly is 'not true'. Walmart decided to 'terminate' plaintiffs employment in retaliation for filing charges against them, as Walmart decided to terminate plaintiff after she received a favorable decision from other government venues.

**1. Defendants clearly disregarded plaintiffs numerous attempts to enter into the REQUIRED INTERACTIVE PROCESS: a process by which it could be proven what if any accommodations were needed to affirm if plaintiff could perform the essential functions of her job, this court has completely overlooked and erred this very essential process, therefore the case should move forward at this time.**

Until this day plaintiff has 'not received any communication' as to why she was terminated, although plaintiff willfully gave Walmart communications specifically about her and her treatments. Now defendants want to be 'technical, tenacious, and 'matter of fact': about the specific nature of the numerous communications. When clearly defendants were already on notice, there would be nothing to communicate about with defendants if it were not **'job related'** plaintiff had no other reason to 'communicate with defendants' as a matter of fact, plaintiff was 'horribly upset' that know one took the time

to even call plaintiff, about if any accommodations were even needed, if plaintiff were

allowed to come back to work. Defendants have beaten this same bush 'to death'.

Plaintiffs offers the following in response to defendants merit-less motions: **a**) Workers

Compensation and Unemployment has nothing to do with this motion **b**) plaintiffs letter

to Human Resources has no relevance here, and is a violation of corporate law, the letter

was in house and was 'suppose to be confidential' again, Walmart hereto breaks the

'confidentiality rules' which I will be addressing shortly, or this **c**) Honorable court

should disregard such comments as they are irrelevant here, and only shows this court

how 'very dishonorable and deceitful Walmart is'. **d**) Having to fight with Defendants up

until today...is relevant and further shows Defendants are doing so in 'retaliation' as

plaintiff is not just 'rolling over playing dead'.

5. Plaintiffs initial complaint as well as her Amended Complaint was clearly and preciously outlined, further demonstrating Walmart 'fired' plaintiff in retaliation; although Defendants 'continue to pretend to have blinders on' Walmart clearly discharged plaintiff 'after she won a favorable decision pursuant to both government agencies, plaintiff was termed after that. For sake of rebuttal defendants 'waited until they lost both decisions' then Walmart terminated plaintiff. Therefore, plaintiff argues accordingly, defendants are in direct violation of the ADA and Retaliation.

6. Walmart will come into this court AGAIN seeking favors, as the Administrative Process ensues the EEOC is a very integral part of this matter, Walmart further seek and file their 'motion to dismiss' defendants will want this court to disregard it, asking that it NOT be converted. Hence, this is exactly why plaintiff must continue to fight not only for her life but 'Corporate America' should not be allowed to do what ever, to whom ever, and when ever it wants to......... Defendants get no 'pity party' from me, nor hopefully this court won't feel sorry for the defendants as well, Hope is all I have that justice will finally be served.

7. Plaintiff only contention here is 'she is part of a protected class' of which defendants are fully aware, plaintiff is seeking refuge only for her claims for individual disparate treatment and individual relief, although Walmart has been involved in numerous '**legal battles'** for their violation of the ADA and ADAAA, claims of which plaintiff is NOT a party to.

**B. Defendants Have Continued to Harbor on a set of Stale Facts, Workers Compensation and Unemployment are Irrelevant in this Motion, Jurisdiction is evident over these Claims.Plaintiff has shown beyond a shadow of a doubt that this court erred in granting defendants any relief whatsoever. In fact Walmart never asked the plaintiff what accommodations she needed. Not only did plaintiff request additional time off, plaintiff continued to do so without any pay. For one 'extended**

**leave' is considered to be an 'accommodation' something defendants refused to do
and instead 'wrongfully terminated' plaintiff.**

It is 'crystal clear' plaintiff is not bringing up the Workers Compensation and

Unemployment up in this matter, it is irrelevant here and only shows Defendants are

'pulling out all the stops' to now try to overturn their request for a motion for summary

judgment. The Workers Compensation claim was resolved in another forum, as well as

the Unemployment matter. Both resolved in Plaintiffs favor, and have know relevance

here, except to prove Walmart 'wrongfully discharged' plaintiff after a favorable decision

on the plaintiffs behalf and against Walmart. Both claims have been or are under review

of the respective government or agency officials and have no place in this motion, except

as further demonstration of retaliation, as Defendant 'wrongfully terminated' plaintiff

only after a favorable decision was reached unto the plaintiff in this matter.


## IV. CONCLUSION/PLAINTIFFS FINAL THOUGHT

In furtherance, Plaintiff offers the following: I ***'REMAIN HOPEFUL'*** hope is a

complex concept, one that often is misunderstood by many people including employees,

legal professionals, and medical professionals. Part of the confusion is that people, define

hope differently. Another reason is that people tend to think in terms of therapeutic hope:

which is hope that is based on therapy and is related to a cure or remission of this

dreadful disease. There also is generalized hope, such as the hope to maintain a high

quality of life despite a cancer diagnosis,'to keep one working, would, could and should'

further give the plaintiff Hope, while Hope is still alive, to say the least. There is

particularized hope which is hope for something specific such as being able to see your

grand kids wedding day. Plaintiff **'HOPES'** that one day there will be a cure for this

dreadful disease, and that employees will **'STOP'** taking an employees reason to live and have a continued hope. As my own Advocate as I continue this journey, this is my continuum that begin when I was first diagnosed with cancer. As my own Advocate I believe at that defining moment, I had to play a very active role in assuring that I was 'not going to be mistreated' nor will I continue to be mistreated. By being a proactive, educated cancer advocate, this all will have a significant impact on my life (at least what's left of it). In moving on with this matter, I have gained some stability and a feeling of regaining some control of my life. I have a new confidence building, in the way it helps me to face challenges that ordinarily seem insurmountable, under the circumstances.

*Wherefore* and due to all of the above reasons, inclusive of the attached article entitled 'Litigation Employment and Labor Relations' should be a required reading for everyone. Plaintiff respectfully requests this Honorable Court to **DENY** Defendants (Walmart) any relief whatsoever, and **GRANT** the Plaintiff all the requested relief and any other relief this Honorable Court deems just and fair in the light most favorable unto the Plaintiff in this matter; and or in addition to **GRANT** and set this matter for a TRIAL by a jury of her peers as soon as this courts calendar will allow, since time is of the essence in this matter. **GRANT** plaintiff the opportunity to be heard, in a court of law with a Jury of her peers.

Respectfully submitted,

_Monica Jeffries_

Monica Jeffries, Plaintiff pro se
414 Winslow Road, Oxon Hill, Maryland 20745
Telephone:301-485-1659 email: jeffriesmonica@yahoo.com

Date entered: August 28, 2017

I Monica Jeffries pro se and the person of record hereby affirm under the penalties

of perjury that a copy of the foregoing was sent first class mail postage prepaid:

PLAINTIFFS TO OPEN ADA CASE FAILURE TO ENTER INTO THE

REQUIRED INTERACTIVE PROCESS

Was sent first class mail postage prepaid on August 28, 2017 to the defendants

counsel of record;

LITTLER MENDELSON PC

815 CONNECTICUT AVE, N.W. SUITE 400

WASHINGTON, D.C. 20006

_Monica Jeffries_

Monica Jeffries, Plaintiff pro se

414 Winslow Road Oxon Hill, MD.   20745

Email: jeffriesmonica@yahoo.com    301-485-1659

15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JEFFRIES MONICA                           *

                                          *

v.                                        *        Case No. _____

                                          *

WALMART STORES EAST LLP                   

                                          *

## CERTIFICATE OF SERVICE

I hereby certify that on AUGUST 28, 2017 _____, a copy of MOTION TO OPEN CASE WALMART EAST ADA VIOLATIONS

which was electronically filed in this case on _____, was mailed via first class mail, postage prepaid, to LITTLER,MENDELSON PC C/O: COUNSEL 815 CONN. AVE. N.W #400 WASHINGTON, D.C. 20006
_____.

AUGUST 28, 2017
_____

Date

_____

Signature

MONICA JEFFRIES PRO PER

Printed Name and Bar Number

414 WINSLOW ROAD, OXON HILL MD. 20745

Address

JEFFRIES@YAHOO.COM

Email Address

301-485-1659

Telephone Number

301-485-1659 CALL FIRST

Fax Number