IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

MONICA JEFFRIES,  \*

    Plaintiff,  \*

v.                                         Case No.: GJH-17-2518

                                         \*

WALMART STORES EAST, LLC,

                                         \*

    Defendant.

                                         \*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

This case involves Plaintiff Monica Jeffries' failure-to-accommodate, retaliation, and wrongful discharge claims against her former employer, Defendant Walmart Stores East, LLC ("Walmart"), pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq*, and her attempt to add two related claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 22601 *et seq*. This Memorandum Opinion and accompanying Order address Walmart's Motion to Dismiss, ECF No. 15, and its Motion to Strike Reply to Response to Motion, ECF No. 26. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons stated below, both motions are granted.

I.     **BACKGROUND**[1]

Ms. Jeffries was formerly employed as an Overnight Supervisor at Walmart's Waldorf location until her termination in 2013 or 2014.[2] ECF No. 10 at 2.[3] At the time of her termination,

---

[1] Unless otherwise stated, the background facts are taken from the Amended Complaint, ECF No. 10, and are presumed to be true.
[2] The Amended Complaint does not provide the exact date of Ms. Jeffries' termination, but it alleges it occurred in 2013 or 2014. *See* ECF No. 10 at 8. In its Motion to Dismiss, Walmart contends that its "records reflect that [Ms. Jeffries'] employment was terminated in September 2014. Thus, Walmart does not dispute the timeliness of Plaintiff's filing of her underlying administrative charge or this action." ECF No. 15-1 at 2 n.3.
[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

Ms. Jeffries was suffering from breast cancer, the side effects of chemotherapy treatment, and a work-related leg injury. *Id.* at 5, 8, 14. Ms. Jeffries alleges that Walmart was aware of her breast cancer diagnosis and chemotherapy treatment when she was hired and permitted her to work a modified schedule of four ten-hour shifts per week. *Id.* at 2–3. During the October prior to her termination, Ms. Jeffries was injured when a coworker pushed a cart into her left leg. *Id.* at 5. Her chemotherapy had weakened her immune system, so she took an extended leave of absence to treat the leg injury. *Id.* Ms. Jeffries alleges that she regularly forwarded "disability certificates" to her supervisor and "remained in constant contact with Walmart about [her] situation." *Id.* at 5, 6. After six weeks of treatment, Ms. Jeffries was released to return to work without restrictions. *Id.* at 5. When she called her supervisor to ask when she could return to work, she was informed that she had been terminated. *Id.*

Ms. Jeffries filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Walmart, *see Jeffries v. Wal-Mart Stores East, LP*, No. GJH-15-473, ECF No. 1-4 (D. Md.) ("*Jeffries I*"), and she was issued a "right-to-sue" notice on January 29, 2015, *id.* at ECF No. 1-5. Ms. Jeffries filed a Complaint in this Court on February 28, 2015 and, after receiving leave from the Court, she filed an Amended Complaint on March 7, 2016 alleging failure-to-accommodate, retaliation, and wrongful discharge claims under the ADA related to her employment and termination by Walmart. *Id.* at ECF No. 22. This Court dismissed the case with prejudice for failure to state a claim on July 11, 2016. *Id.* at ECF No. 31. On February 17, 2017, Ms. Jeffries filed a second case in this Court with the same claims based on the same set of facts. *See Jeffries v. Wal-Mart Stores East, L.P.*, No. PJM-17-514, ECF No. 1 (D. Md.) ("*Jeffries II*"). The Court dismissed the case *sua sponte* based on principles of *res judicata*. *Id.* at ECF No. 3.

On August 30, 2017, Ms. Jeffries filed her Complaint in the instant case. ECF No. 1. On October 2, 2017, Ms. Jeffries filed a Motion to Extend Time to Amend the Complaint, ECF No. 4, which the Court granted on December 21, 2017. ECF No. 5. Instead of filing an Amended Complaint, Ms. Jeffries filed three additional motions on January 1, March 8, and September 5, 2018 requesting additional time to amend the Complaint. ECF Nos. 6, 7, 8. On September 27, 2018, the Court granted Ms. Jeffries twenty-one days to file an Amended Complaint, ECF No. 9, and Ms. Jeffries filed her Amended Complaint on October 19, 2018.

On December 14, 2018, Walmart filed a Motion to Dismiss the Amended Complaint. ECF No. 15. On February 21 and March 29, 2019, Ms. Jeffries filed motions requesting additional time to respond to Walmart's Motion to Dismiss and file an Amended Complaint. ECF Nos. 17, 21. On April 22, 2019, the Court granted Ms. Jeffries twenty-one days to respond to Walmart's Motion to Dismiss. ECF No. 22. On May 15, 2019, instead of filing a response to the Motion to Dismiss, Ms. Jeffries filed a Second Amended Complaint that alleged the same three ADA claims and added two new claims under the FMLA. ECF No. 23. Walmart filed a response in support of its motion on May 29, 2019, ECF No. 24, and Ms. Jeffries filed a surreply[4] on June 14, 2019, ECF No. 25. On June 28, 2019, Walmart filed a Motion to Strike Ms. Jeffries' surreply, ECF No. 26, which Ms. Jeffries opposed, ECF No. 27.

## II.     MOTION TO STRIKE

The first issue to be considered is whether Walmart's Motion to Strike Ms. Jeffries' surreply should be granted. "Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Loc. R. 105.2.a (D. Md.); *see Nicholson v. Volkswagen Grp. of Am., Inc.*, No. RDB-13-3711, 2015 WL 1565442, at *3 (D. Md. Apr. 7, 2015) (citing Loc. R. 105.2.a (D.

---

[4] Ms. Jeffries labels the filing a "Response/Reply," but it was filed after Walmart's reply brief, making it effectively a surreply.

Md. 2001)) ("As a general rule, this Court will not allow parties to file sur-replies."). A "party moving for leave to file a surreply must show a need for a surreply," *MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. RDB-12-02109, 2013 WL 1224484, at *6 (D. Md. Mar. 26, 2013), and "[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply," *id.*

Here, Ms. Jeffries never asked for leave to file a surreply and the Court never permitted a surreply to be filed. Moreover, a surreply is not necessary here because, aside from addressing the new claims that Ms. Jeffries included in the Second Amended Complaint that she also filed without leave of court,[5] Walmart did not introduce any new facts, legal issues, or theories in its reply brief. Thus, there was no need to file a surreply, and Walmart's Motion to Strike is granted.

### III. MOTION TO DISMISS

#### A. Standard of Review

Walmart contends that Ms. Jeffries' Amended Complaint is barred by the doctrine of *res judicata*, thus depriving the Court of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). When a defendant challenges subject-matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

Walmart also moves to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed.

---

[5] Ms. Jeffries was granted additional time to file a response to the Motion to Dismiss and had indicated that she would file an Amended Complaint, but she never requested leave to do so. Because Ms. Jeffries is *pro se*, the Court will address the allegations in what is actually Ms. Jeffries' Second Amended Complaint.

4

R. Civ. P. 12(b)(6). To survive a motion to dismiss invoking 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *Twombly,* 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

Fed. R. Civ. P. 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979). Although pleadings of self-represented litigants must be accorded liberal construction, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978),

liberal construction does not mean a court can ignore a clear failure to allege facts that set forth a cognizable claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Defendants, here, ask the Court to judicially notice facts from prior court proceedings. Pursuant to Federal Rule of Evidence 201, a court may "judicially notice a fact that is not subject to reasonable dispute," provided that the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). These facts may be properly considered by the court without converting a motion to dismiss into a motion for summary judgment, as long as the facts are construed in the light most favorable to the plaintiff. *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). In addition, when, as here, a Defendant has raised the defense of *res judicata* "a court may judicially notice facts from a prior judicial proceeding." *Ashe v. PNC Fin. Servs. Grp., Inc.*, 165 F. Supp. 3d 357, 360 (D. Md. 2015) (quoting *Brooks v. Arthur*, 626 F.3d 194, 199 n. 6 (4th Cir. 2010)). The consideration of the affirmative defense of *res judicata* is appropriate where "it clearly appears on the face of the complaint…and the res judicata defense raises no disputed issue of fact." *Andrews v. Daw,* 201 F. 3d 521, 524 n.1 (4th Cir. 2000).

**B. Discussion**

    **1.** *Res Judicata*

"Res judicata, also known as claim preclusion, bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Mbongo v. JP Morgan Chase Bank, N.A.*, No. PWG-14-1620, 2014 WL 3845443, at *3 (D. Md. Aug. 4, 2014), *aff'd*, 589 F. App'x 188 (4th Cir. 2015) (quoting *Laurel Sand & Gravel Co. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008)). "For res judicata to prevent a party from raising a claim, three elements must be present: '(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their

privies, and (3) a subsequent suit based on the same cause of action.'" *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.,* 914 F.2d 39, 42 (4th Cir. 1990)). "Even claims that were not raised in the original suit may be precluded if they arose from the same transaction or occurrence as those raised in the first suit and were available to the plaintiff at the time of the first suit." *Id.* at 210–11.

Here, the three elements of *res judicata* are met. First, the Memorandum Opinion and Order dismissing *Jeffries I* for failure to state a claim constitute a judgment on the merits of Ms. Jeffries' failure-to-accommodate, retaliation, and wrongful discharge claims. *See McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) (stating that "a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice"). Second, Ms. Jeffries was the plaintiff in *Jeffries I* and is also the plaintiff in this case, and she is once again suing Walmart, the same party that she sued in *Jeffries I*. Finally, the present case is a subsequent suit raising the same failure-to-accommodate, retaliation, and wrongful discharge claims that Ms. Jeffries raised in *Jeffries I* based on her employment and termination by Walmart in 2013 or 2014. And even to the extent Ms. Jeffries purports to raise new claims under the FMLA in her Second Amended Complaint, those claims arise from the same transaction or occurrence as those in the first suit and could have been previously raised. Thus, the doctrine of *res judicata* precludes relitigation of all Ms. Jeffries' claims in this case.[6]

---

[6] Because the claims are barred by *res judicata,* the Court will not address whether Plaintiff has also failed to state a claim.

## IV. CONCLUSION

For the reasons stated, Walmart's Motion to Strike Reply to Response to Motion, ECF No. 26, is granted and Walmart's Motion to Dismiss, ECF No. 15, is granted. This case is dismissed with prejudice. A separate Order follows.

Date: August  28, 2019                           /s/
                                                GEORGE J. HAZEL
                                                United States District Judge